# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Criminal Action |
| ) | No. 06-03104-01-CR-S-ODS |
| CLARA BECK, ) | |
| ) | |
| Defendant. ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on defendant's Motion to Dismiss Indictment, to which the government has responded.

Defendant requests that the Court dismiss the charge against her because both the initial and superseding indictments were obtained by use of false, misleading, and irrelevant information being presented to the Grand Jury, which led to her being charged as a felon in possession of a firearm. She also contends that there was insufficient evidence presented to the Grand Jury concerning defendant's knowledge of or reasonable cause to believe that Garcia-Sarate was a felon or an illegal alien, which led to her being charged with willfully transferring a firearm to a prohibited person.

It is the government's position that it provided the Grand Jury with complete and accurate information regarding defendant's acquisition and transfer of the firearm at issue as well as her claim to the firearm after its seizure by the Bureau of Alcohol, Tobacco and Firearms ["ATF"]. Additionally, the government contends that the Grand Jury was presented with sufficient evidence

1

to conclude that the defendant knew or should have known that Pedro Garcia-Sarate was a prohibited person at the time she transferred a firearm to him.

Defendant contends that the Grand Jury heard testimony from ATF Agent Angie Kaighin that led to her being charged as a felon in possession of a firearm. It is her position that, after some preliminary discussion about the forfeiture proceedings of the firearm at issue, Special Assistant United States Attorney James J. Kelleher asked Agent Kaighin if defendant had filed a claim for the gun. Agent Kaighin responded, "Yes." [Motion to Dismiss Indictment, 1]. She was then asked, "Did she essentially allege that the gun was hers?" and Agent Kaighin again responded affirmatively. It is asserted that this is false, misleading, and irrelevant testimony. Defendant contends that her mother purchased the gun after November 9, 2004, and that she died before defendant was indicted. On the Seizure Asset Claim Form, defendant states that she wrote, "The rifle was purchased and was my mother's and I am claiming it for the Gun Shop it was purchased from to pick it up and buy it back." [Id., 1-2]. She contends that testimony concerning the claim form is irrelevant because it was filed more than a year after the date complained of in the indictment, and should never have been considered by the Grand Jury. It is also her contention that the discussion about the claim form, which was never presented to the Grand Jury, took up a full one-third of the testimony presented. She asserts that the Grand Jury was so prejudiced by this irrelevant and false information that it substantially influenced the decision to indict.

Defendant also contends that in the superseding indictment, when she was additionally charged with transferring a firearm knowing or having reason to believe that Garcia-Sarate was a felon and an illegal alien, the government presented absolutely no evidence regarding her knowledge or reasonable cause to believe this information.

2

The government asserts that it provided the Grand Jury with complete and accurate information regarding defendant's acquisition and transfer of the firearm, and regarding her claim to the firearm after its seizure by ATF. Regarding defendant's contention that the fact that she submitted a "Seized Asset Claim Form" does not constitute a claim that she has a right to the firearm, and that such a claim is irrelevant, the government states that the form in question requires the petitioner to list items in which they claim an interest. It is further contended that the fact that Special Agent Kaighin replied "yes" to the question of whether defendant essentially alleged that the gun was hers was not so misleading as to require dismissal of Count One of the Indictment.

Additionally, the government asserts that the Grand Jury was presented with sufficient evidence to conclude that defendant knew or should have known that Pedro Garcia-Sarate was a prohibited person at the time she transferred the firearm to him. It contends that the Grand Jury learned that Mr. Garcia-Sarate was an illegal alien and convicted felon; that defendant had used her mother to facilitate a "straw purchase" of the firearm due to the fact that she is a convicted felon; and that the firearm was to be a birthday gift for Garcia-Sarate. It is therefore asserted that the Grand Jury could have concluded that defendant should have known that Garcia-Sarate was a prohibited person under the circumstances detailed to them.

Having fully reviewed defendant's contentions, the government's response, the indictments, and applicable case law, the Court finds that defendant's Motion to Dismiss Indictment should be denied.

"The proceedings of a grand jury are afforded a strong presumption of regularity, and a defendant faces a heavy burden to overcome that presumption when seeking dismissal of an indictment." United States v. Exson, 328 F.3d 456, 459 (8th Cir. 2003). In reviewing the sufficiency

3

of an indictment, the Court must determine whether the indictment sufficiently sets forth the elements of the offenses alleged, whether it places the defendant on fair notice of the charges against him or her, and whether it enables the defendant to assert an acquittal or conviction so as to invoke the privilege against double jeopardy for a single offense. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. Morris, 18 F.3d 562 (8th Cir.1994). In determining whether an indictment has sufficiently set forth the elements of the offense charged, it will generally be deemed sufficient "unless no reasonable construction can be said to charge the offense." United States v. Peterson, 867 F.2d 1110, 1114 (8th Cir.1989).

To have a charge dismissed for an alleged misstatement or even a perjurous statement, there must be a showing that the misstatements were material. United States v. Moore, 184 F.3d 790, 794 (8th Cir. 1990). "As long as there is some other competent evidence to sustain the charge, the charge should not be dismissed." Id. at 794. It is also well-established that misstatement or mistakes, alone, in the course of grand jury testimony, do not justify dismissal of an indictment that is facially valid. Id.; United States v. Johnson, 767 F.2d 1259, 1275 (8th Cir. 1985).

Having carefully reviewed the pleadings and applicable case law, as well as the indictment and superseding indictment, the Court finds that defendant has failed to meet her burden of overcoming the strong presumption of regularity in the proceedings of the grand jury. In terms of defendant's complaint about the "Seized Asset Claim Form," the Court finds that Agent Kaighin's response to whether defendant essentially alleged that the gun was hers was clearly not a misstatement. Even assuming, however, that Agent Kaighin's statement was a misstatement, "misstatements or mistakes alone do not justify the dismissal of an otherwise valid charge." Moore, 184 F.3d at 794. The form indicates that defendant listed the firearm as an item in which she claimed

4

an interest. In Part II, she explained or attempted to explain her interest in the firearm, and regardless of the reasons, in terms of defendant's challenge to the indictment, it is apparent that she was making a possessory claim for the firearm. Additionally, this information is obviously relevant to the charge of being a felon in possession of a firearm. In this case, the government represents that the statement made by Agent Kaighin, which affirmed the claim form, was not material because the Grand Jury was provided other sufficient evidence. The government states that Agent Kaighin attested that defendant admitted that she provided $800.00 to her grandmother to facilitate the purchase of the firearm, and that it was purchased for defendant's boyfriend, Pedro-Garcia Sarate. Based on a full review of the record, the Court agrees that the Grand Jury was presented with other sufficient evidence to establish that there was probable cause to believe defendant committed the charged offense.

The Court finds that it is clear from reviewing the indictment itself that it sufficiently sets forth the elements of the offense charged, and sufficiently puts defendant on notice of the charges against her. Morris, 18 F.3d at 56. Accordingly, the Court finds that there is no basis to dismiss the indictment on this ground.

The issues defendant raises in her motion to dismiss regarding her knowledge of Garcia-Sarate's status as a convicted felon are basically allegations that the indictment is not supported by adequate evidence. In a motion to dismiss, "[a] defendant may not properly challenge an indictment, sufficient on its face, on the ground that the allegations are not supported by adequate evidence." United States v. Mann, 517 F.2d 259, 267 (5th Cir. 1975), cert. denied, 423 U.S. 1087 (1976). The government states that the Grand Jury was presented with evidence that Pedro Garcia-Sarate was an illegal alien who had a felony conviction from Greene County, Missouri. They knew of

5

defendant's attempt to purchase a firearm through her grandmother because of her status as a convicted felon, and that the firearm was intended to be a birthday gift for Garcia-Sarate. The Court agrees with the government's position that the Grand Jury could have concluded that defendant should have known of his status as a prohibited person. Defendant has failed to overcome her burden of overcoming the presumption of regularity of the Grand Jury proceedings. The Court finds, accordingly, that it must be recommended that defendant's Motion to Dismiss Indictment be denied.

For the foregoing reasons, it is, pursuant to the governing law and in accordance with Local Rule 72.1 of the United States District Court for the Western District of Missouri,

RECOMMENDED that defendant's Motion to Dismiss Indictment should be denied.

                                                  /s/ James C. England
                                                  JAMES C. ENGLAND, CHIEF
                                                  United States Magistrate

Date: 06/06/07